UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISA BAKO,

          Plaintiff,

    v.

INSTAGRAM LLC,

          Defendant.

Case No. 26-cv-02034-TSH

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

## I.    INTRODUCTION

On April 14, 2026, Defendant Meta Platform, Inc.[1] filed a Motion to Dismiss. ECF No. 31. After Plaintiff Isa Bako failed to file an opposition in compliance with Civil Local Rule 7, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 33. The Court directed Plaintiff to file a declaration by May 20, 2026 and simultaneously file either an opposition in compliance with Civil Local Rule 7-3(a) or a statement of nonopposition in compliance with Local Rule 7-3(b). The Court warned that failure to file a written response would be deemed an admission that Plaintiff does not intend to prosecute, and this case would likely be dismissed. No response has been received. Based on this procedural history, the Court finds it appropriate to dismiss this case for failure to prosecute. Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.[2]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes district courts to dismiss an action sua

---

[1] Meta states that "Plaintiff's Complaint incorrectly names 'Instagram, LLC' as the defendant. Meta Platforms, Inc. owns and operates the online service Instagram." ECF No. 31 n.1.
[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 27, 32.

sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute, courts consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990).

### III.   DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (internal quotations and citation omitted). In view of the failure to prosecute this matter and comply with court orders, this factor weighs in favor of dismissal.

Second, the Court's need to manage its docket will be served by dismissing this action. *Id*. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citing *Ferdik*, 963 F.2d at 1260-61). Keeping a case like this open on the docket, where Plaintiff failed to move the case forward, burdens the Court and clutters the docket. *See id.* ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). Therefore, this factor also weighs in favor of dismissal.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's

2

ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (internal quotations and citation omitted). While the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id.* at 642-43. Despite being given ample opportunity to do so, Plaintiff has provided no explanation for failing to pursue this matter or to comply with the Court's orders. This failure to offer any explanation weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."); *Chico v. Wells Fargo Bank*, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."). The Court is cognizant that the delay here only risks such prejudice (as opposed to a situation where such prejudice has been shown to actually exist), and thus finds this factor only marginally favors dismissal.

Fourth, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving Plaintiff an opportunity to explain the failure to prosecute. *See Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015) (affirming district court's dismissal without prejudice for failure to prosecute after the plaintiff did not respond to order to show cause). Further, as Plaintiff failed to respond, another order requiring a response is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the Court warned Plaintiff of the risk of dismissal, so Plaintiff cannot argue the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (citation omitted); *Ferdik*, 963 F.2d at 1262. This factor weighs in favor of dismissal.

Fifth, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228

United States District Court
Northern District of California

(9th Cir. 2006) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *Id.*  Thus, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  Although this factor typically weighs against dismissal, Plaintiff failed to move this case toward disposition on the merits.  This factor therefore marginally favors dismissal.

## IV.    CONCLUSION

Based on the analysis above, the Court finds at least four of the five factors weigh in favor of dismissal.  Plaintiff failed to respond to Defendant's motion to dismiss and failed to respond to the show cause order.  Thus, Plaintiff failed to prosecute this case and dismissal is appropriate.  However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief.  *See Ferdik*, 963 F.2d at 1262.  Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate.  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court to consider whether dismissal should have been without prejudice).  Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders.

**IT IS SO ORDERED.**

Dated: June 1, 2026

THOMAS S. HIXSON
United States Magistrate Judge